DeVer H. Warner, Trustee for Ira F. Warner and for Unascertained Beneficiaries, Estate of I. DeVer Warner, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 11193.      Promulgated September 7, 1927.

Where a testator by his will created two trusts, one to raise funds to pay an annuity and a second for the benefit of a minor child, and where the only interest of the second trust in the first trust was the right to share in any surplus income and upon certain contingencies to come into possession of a portion of its corpus, *held*, that the trust for the benefit of the minor child is not entitled to take as a deduction a capital loss incurred by the other trust.

*Arthur W. Marsh, Esq.*, for the petitioner.
*Granville S. Borden, Esq.*, for the respondent.

This proceeding involves a deficiency in income tax for the taxable year 1921, in the amount of $1,674.45, arising from the fact that the respondent has refused to permit petitioner, as trustee for a certain trust created by the will of I. DeVer Warner, to take as a deduction a capital loss incurred by another trust created by the same will and of which he is also trustee.

### FINDINGS OF FACT.

I. DeVer Warner died on January 11, 1913, a resident of Bridgeport, Conn., having on May 26, 1908, made and published his last will and testament, the material parts of which read:

FIFTH: I give and bequeath to my Trustees named in this will, Fifteen hundred (1500) shares of the capital stock of the Bridgeport Hydraulic Company, Five Hundred (500) shares of the capital stock of the New York, New Haven and Hartford Railroad Company, Five Hundred (500) shares of the capital stock of The Warner Brothers Company, Two hundred thousand dollars ($200,000) par value of first mortgage bonds bearing interest at a rate not less than four per cent per annum, in trust, nevertheless, to hold, invest and reinvest in safe and conservative investments, and from the dividends, interest, income and increase thereof to pay over to my wife during the term of her natural life, annually, in quarterly payments, the sum and amount of Twenty-five thousand (25,000) dollars. All the dividends, interest and income of the trust fund hereby created in excess of the said sum of Twenty-five thousand dollars annually to be held, invested and reinvested by my Trustees in some safe and conservative investments until the amount and value of the entire principal or corpus of the trust fund hereby created shall be augmented and increased to the sum and value of Fifty thousand dollars ($50,000) more than at the time of my decease when the excess of dividends, interest, income and increase of the entire fund over and above the sum and amount of Twenty-five thousand dollars ($25,000) annually shall be paid annually by my Trustees during the life of my wife, to my son DeVer H. Warner, to my daughter Annie L. Bishop, and to my son Ira Follett Warner, share and share alike, the child or children of any deceased child to take the share its parent would have taken if living. At the death of my wife the principal and accumulations of the trust fund created under this item shall be disposed of under the Sixth Item of my will.

If I should not own at my decease, the amount and description of bonds and stocks in this item specified, I direct my Executors to procure the same, or other safe and conservative investments of such character and amount as in their judgment will most likely produce a reliable income for the regular payment of the annuity to my wife herein provided for, by the sale of such portions and items of my estate as they shall deem most judicious, to the end that the same may be held and devoted to the purposes specified in this item.

The provisions made in this will for my wife shall be in lieu of her statutory share in my estate.

SIXTH: All the rest, residue, and remainder of my estate of whatever kind and character and wherever situated, I direct to be divided into three equal portions; one of said portions I give, devise, and bequeath to my son, DeVer H. Warner, to him and his heirs forever; one of said portions I give, devise and bequeath to my daughter, Annie L. Bishop, to her and her heirs forever; one of said portions I give to my trustees hereinafter named, IN TRUST, NEVER-

THELESS, to hold, invest and reinvest according to their best judgment, but having primarily in view the security of the property rather than a large income, and to pay over semi-annually the income, interest, and dividends, or so much thereof as in the judgment of my said trustees and the guardian of my son, or any two of them, shall seem best, to and for the support, education, care, and welfare of my son, Ira Follett Warner, during his minority, and upon his arrival at the age of twenty-one years to pay over, transfer, and deliver to him, to be his and his heirs absolutely, one-half of the principal of the fund and amount of property so held in trust for him, and upon his attaining the age of twenty-five years to pay over, transfer, and deliver to him the balance of said fund and property, to be his and his heirs, forever.

. But if my said son Ira shall die before arriving at the age of twenty-one years, I give, devise and bequeath said one-third part of the residue of my estate to my son, DeVer H. Warner, and to my daughter, Annie L. Bishop, share and share alike, to them and their heirs forever, the child or children of any deceased child to take the share its parent would have taken if living; and if my said son Ira shall survive twenty-one years, but die before arriving at the age of twenty-five years, then, if he leave no child or children him surviving, I give, devise and bequeath the remaining one-half of said one-third part of the residue of my said estate to my son, DeVer H. Warner and my daughter, Annie L. Bishop, share and share alike, to them and their heirs forever, the child or children of any deceased child to take the share its parent would have taken if living.

And if my said son Ira survive the age of twenty-one years, but die before arriving at the age of twenty-five years, leaving a child or children him surviving, such child or children shall, immediately upon the death of its father, take the share of my estate its father would have taken if he had survived to the age of twenty-five years.

SEVENTH: The devises and bequests provided for in this will to my trustees shall be to them and to the survivor of them, and my said Trustees, the survivor of them, and his or their successor or successors are hereby expressly authorized and empowered, as they in their discretion shall think fit, to sell the whole or any portion of my real or personal estate, at either public auction or private sale, and upon such terms and subject to such conditions and in such manner in all respects as they shall think best, and for the purposes aforesaid, to execute and do all such assurances and things as may be suitable and necessary, and to invest and reinvest the proceeds of any and all such sales without responsibility or accountability for loss or depreciation that may arise from such securities on account of such sales and investments.

EIGHTH: I hereby appoint my wife, my daughter Annie L. Bishop, and my son DeVer H. Warner, Executors of this my will, and I direct that they be exempt from giving bonds as such Executors; and I hereby appoint my son DeVer H. Warner, and Goodwin Stoddard of Bridgeport, Connecticut, Trustees of this my will, and direct that they be exempt from giving bonds as such Trustees.

NINTH: It is my will that the annuity provided for my wife in the Fifth item of this will shall be paid to her out of the income of the trust property held for that purpose if it be sufficient, but, if insufficient, then I hereby direct and authorize my Trustees to take from the principal of said trust fund a sufficient sum to make up the deficiency so that, at all events, and every year, my said wife shall receive the full sum and amount of Twenty-five thousand (25,000) dollars.

On November 17, 1908, the testator added a codicil to his will, a part of which reads:

*First.* I give, devise and bequeath to the Trustees named in my said will whatever stock I may own at the time of my death, in The Warner Brothers Company, over and above the five hundred shares of said stock given to my said Trustees in paragraph Fifth of my said will, in trust, however, for the following purposes,—

1. To hold said stock until my son DeVer H. Warner arrives at the age of sixty years, provided that he lives so long, and maintains and continues in the active management of said The Warner Brothers Company until that time.

2. To exercise the voting power of said stock, while it is held by said Trustees, in such manner as my Trustees may deem for the best interests of said corporation.

3. To pay over the cash dividends from said stock, as and when such dividends shall be received by them, as follows: one-third to my son, DeVer H. Warner, one-third to my daughter Annie L. Bishop, one-third to my son Ira Follett Warner, the child or children of any deceased child shall take the share its parent would have taken if living; but if any of my said children shall die leaving no child or grandchild him or her surviving, then I direct that all the cash dividends thereafter received from said stock be divided equally among, or be paid to, my children or child surviving.

4. On the death of my said son DeVer, or upon his arriving at the age of sixty years, or upon his ceasing to maintain and exercise the active management and control of the said The Warner Brothers Company, I direct my Trustees, or their survivor, or successor, to transfer and deliver said stock, with its accretions, if any, as follows: one-third to my son DeVer H. Warner, one-third to my daughter Annie L. Bishop, and one-third to my son Ira Follett Warner, the child or children of any deceased child of mine to take and receive, share and share alike, the stock which its, or their parent would have taken if living, and the grandchild or grandchildren of any deceased child of mine, whose parent is not then living, to take and receive, share and share alike, the share of said stock which its, or their parent would have taken if living; provided, however, that if my son Ira Follett Warner shall not at that time have arrived at the age of twenty-one years, I direct that my Trustees hold said stock, paying over to him the cash dividends paid thereon, until he attain the age of twenty-one years and then to transfer and deliver to him one-half of said stock, the balance of said stock to be similarly held by them and transferred and delivered to him on his attaining the age of twenty-five years. But if my said son Ira shall die before arriving at the age of twenty-one years, I direct my said Trustees to transfer and deliver his said share of said stock to my son DeVer H. Warner and to my daughter Annie L. Bishop, share and share alike, to them and their heirs forever, the child or children of any deceased child to take the share its or their parent would have taken if living, and the grandchild or grandchildren of any deceased child of mine, whose parent is not then living, to take and receive, share and share alike, the share of said stock which its, or their parent would have taken if living; and if my said son Ira shall survive twenty-one years, but die before arriving at the age of twenty-five years, then if he leaves no child or children him surviving, I direct my said Trustee to transfer and deliver the balance of his said share of said stock in their hands to my son DeVer H. Warner, and my daughter Annie L. Bishop, share and share alike, to them and their heirs forever, the child or children of any deceased child to take the share its or their parent would have taken if living, and the grandchild or grandchildren of any deceased child of mine, whose

parent is not then living, to take and receive, share and share alike, the share of said stock which its or their parent would have taken if living.

And if my said son Ira survive the age of twenty-one years, but die before arriving at the age of twenty-five years, leaving a child or children him surviving, such child or children shall immediately, upon the death of its or their father, take the share of said stock its or their father would have taken if he had survived to the age of twenty-five years.

5. If all of said shares of stock cannot, in any of the divisions above mentioned, be evenly divided among those entitled thereto, I direct my trustees to divide said stock as above directed so far as can be done, and to sell at auction, after thirty days' notice in writing, to those entitled to any part of said stock, the remaining share or shares of stock to that one of those entitled to any part of said stock who shall make the highest responsible bid therefor, and to divide the proceeds of such sale among those entitled as above set forth.

*Second.* It is my will that the interests of my children in the stock above described be interests which vest at the time of my death, subject to being divested by the conditions above set forth.

*Third.* Whenever, under this codicil, or under my said will, my Trustees shall hold any stock, I direct that they shall have the right to vote on such stock as they shall deem best.

*Fourth.* I hereby give to my Trustees, or their successor or successors, power to sell and transfer, or otherwise dispose of the whole or any part of any stock in The Warner Brothers Company which they may hold, as such Trustees, under my said will or under this codicil, for my wife, or for my son Ira, after the distribution of the stock of said Company provided for in paragraph 4 of the First Item of this codicil, the proceeds thereof to be reinvested by them in safe and conservative investments, the income from which shall be paid over by them in the same manner as the dividends from the stock so disposed of were paid.

On December 1, 1909, testator added to his will a second codicil which contained the following:

*Second.* I hereby amend and modify the provisions of the paragraph numbered " Fifth " of my said will, as follows:

I give and bequeath to my said Trustees, in addition to the stock and bonds designated in said Fifth paragraph, Two thousand (2000) shares of the capital stock of the Bridgeport Hydraulic Company, (making in all thirty-five thousand shares of the stock of said Company) in trust, to hold, manage, administer and deal with,. both as to income and principal, as part of the trust fund thereby created in all respects as provided in the several paragraphs of said will and codicil with regard to the stock and bonds bequeathed in said Fifth paragraph.

*Third.* I further hereby amend, alter and modify the said Fifth paragraph and all other provisions of said will and codicil which may be affected hereby by changing the sum of Twenty-five thousand (25,000) dollars, payable annually to my wife, to the sum of Thirty thousand (30,000) dollars, and it is my will that said will and codicil shall be read and construed as if the said sum— wherever named or directly or indirectly referred to or affected by other provisions—were thirty thousand instead of twenty-five thousand dollars.

On June 2, 1910, testator added to his will a third codicil, which, omitting portions immaterial to this proceeding, reads:

FIRST. I hereby amend and modify the provisions of the paragraph numbered fifth of my said will as amended by the provisions of the aforesaid codicil dated the first day of December, One Thousand nine hundred and nine, as follows:

I give and bequeath to my Trustees therein appointed, in addition to the stock and bonds designated in said fifth paragraph of said will and the second paragraph of said codicil, five hundred (500) shares of the capital stock of the Bridgeport Hydraulic Company (making in all four thousand—4,000—shares of the stock of said company), in trust, to hold, manage, administer and deal with, both as to income and principal, as part of the trust fund thereby created, in all respects as provided in the several paragraphs of said will and codicil with regard to the stock and bonds bequeathed in said fifth paragraph.

SECOND. I hereby further amend, alter and modify said fifth paragraph of said will and all other provisions of said will and said codicils which may be affected thereby, by changing the sum of Thirty thousand dollars payable annually to my wife, to the sum of Thirty-five thousand dollars, and it is my will that said will and said codicils shall be read and construed as if the said sum, wherever named or directly or indirectly referred to, or affected by other provisions, were Thirty-five thousand instead of Thirty thousand.

On September 12, 1910, testator added to his will a fourth codicil, which contained the following:

FIRST: It is my purpose in making this codicil to direct the disposal of the income, interest and dividends arising and accruing upon the share of my estate given to my son Ira by my will and by the codicil thereto dated November 17, 1908, hereby revoking any and all provisions thereof concerning said income which are directly or indirectly inconsistent with this codicil, but intending to leave in full force and effect all provisions of said will and codicil having to do with the principal of his said share.

SECOND: I direct my Trustees to retain in their own hands as such Trustees, all of said income, interest and dividends over and above the portion thereof paid to my said son or for his benefit and support as provided in this codicil, and to accumulate and add the said surplus to the principal of the trust fund created by Item Sixth of said will, investing and reinvesting the same as provided in my will concerning said principal until the termination of said trust.

THIRD: I direct that the amount of said income, interest and dividends which my Trustee shall pay over semi-annually to my son Ira and for his support, education, care and welfare, shall be fixed, until he reaches the age of twenty-one years, by my wife, Eva Follett Warner, instead of by my Trustees and my son's guardian as provided in said will, except in the event that my wife shall predecease him, but said amount, however fixed, shall not exceed ten thousand dollars in any one year.

On July 8, 1911, the testator added to his will a fifth codicil, the material parts of which read:

*Third:* The Warner Brothers Company having issued certain preferred shares of stock since the execution of my codicil of September 12, 1910, I direct that the five hundred shares of stock of said Company mentioned in the Fifth Item of my will shall consist of common stock, and further, that the provisions of my codicil dated November 17, 1908, which place in trust all my shares of stock of said Warner Brothers Company other than the aforesaid five hundred shares, shall apply to and cover the disposition of my common stock only in that corporation, it being my will that all preferred stock of The

Warner Brothers Company which I hold and own at my decease, shall fall into the residue of my estate and be governed and disposed of as part of said residue.

*Fourth.* I hereby amend, alter and modify the provisions of the paragraph numbered Fifth of my said will, as heretofore amended, and all other provisions of said will and said codicils which may be affected thereby, by changing the sum of thirty-five thousand dollars, payable each year to my wife, for the period and in the manner provided in said Fifth Item of my will, to the sum of Forty Thousand (40,000) dollars, and it is my will that my said will and all my codicils shall be read and construed as if the said sum wherever named or directly or indirectly referred to, or affected, by other provisions were forty thousand dollars instead of thirty-five thousand dollars.

The provisions made for my wife in said will and all codicils thereto shall be in lieu of her share in my estate, both as my wife and by virtue of any statute or statutes whatsoever.

*Sixth:* I revoke and cancel any and all appointments of any trustee or trustees contained in my said will and said codicils prior to this date, and in lieu thereof I hereby nominate, constitute and appoint my son DeVer H. Warner as sole trustee of each and every trust and trust fund created by my said will and all the codicils thereto and by any subsequent codicil which I may execute, hereby investing him with each and every power, duty, obligation, discretion and authority given to my trustee or trustees in said instruments, my said son to be exempt from any and all bonds as such trustee, and to serve as such without compensation for his services.

Furthermore, I give my son, DeVer H. Warner, full power and authority, in his unrestricted discretion, to nominate, constitute and appoint, by any will, codicil or other written instrument executed and witnessed as provided by law at the date thereof for testamentary instruments at his domicile, any person or persons, (including corporations in that term), to succeed him and act in his stead as trustee in all respects as aforesaid, upon his death, resignation, failure to qualify or inability to act, in any one or all of said trusts, and with or without bonds, all as my son may provide in his execution of said power, also to entrust by said appointment the separate trust funds therein created to different trustees, if he shall see fit, also from time to time to resign his office as trustee of one or more of said trusts, appointing his successor therein at that time and at a later time his successor in such trusts as he may retain, and also to revoke, cancel, alter or amend any instrument he may execute by virtue of this power, or to revoke and cancel the same, and execute a substitute in lieu thereof, as and when he may see fit, at any time prior to the consummation of said appointment by the acceptance and qualification of the person or persons he may designate.

Furthermore, so far as may be necessary according to law for me to do so, I do hereby ratify and confirm the acts of my said son in the execution of said power, and do give, devise and bequeath to his appointee or appointees, to take effect in possession as and when they or any of them shall succeed him in office, the aforesaid trust funds and property to them and their heirs, In Trust, However, as provided in said will and codicils.

*Seventh.* In lieu of all provisions of my codicil dated November 17, 1908, with reference to the termination of the trust therein created, in, to and over certain stock of The Warner Brothers Company upon the arrival of my son DeVer H. Warner at the age of sixty years, which provisions for such termination I hereby revoke, I hereby direct that said trust shall continue so long as my said son shall maintain and exercise the active management and control of The Warner Brothers Company.

On February 7, 1912, testator added to his will a sixth codicil which, omitting portions irrelevant to this proceeding, reads:

1. I hereby amend, alter and modify the provisions of the paragraph numbered Fifth of my said will as heretofore amended, and all other provisions of said will and said codicils which may be affected thereby, by changing the sum of Forty Thousand (40,000) dollars payable each year to my wife, for the period and in the manner provided in said Fifth Item of my will, to the sum of Fifty thousand (50,000) dollars, and it is my will that my said will and all my codicils shall be read and construed as if the said annuity wherever named or directly or indirectly referred to or affected by other provisions, were Fifty thousand (50,000) dollars instead of Forty thousand (40,000) dollars. The provisions made for my wife in said will and all codicils thereto shall be in lieu of her share in my estate, both as my wife and by virtue of any statute or statutes whatsoever.

2. In addition to the property bequeathed in trust in Item Fifth of my will and in certain codicils thereto, for the purpose of providing for the aforesaid annuity, I hereby give and bequeath to my son, DeVer H. Warner and to his successors, In Trust, one thousand shares of the preferred stock of The Warner Brothers Company, and one thousand shares of stock of The Bridgeport Gas Light Company, to hold, manage, administer and deal with, both as to income and principal, as part of the trust fund thereby created in all respects as provided for in the several paragraphs of my will and in the codicils thereto, including this codicil, with regard to the stock and bonds bequeathed in said Fifth paragraph.

Paragraph 3 of my codicil of date of July 8, 1911, as to the preferred stock of The Warner Brothers Company, is hereby modified to the extent of the aforesaid one thousand shares thereof.

3. It is my will and I direct, that should The Bridgeport Hydraulic Company offer to its stockholders from time to time, opportunity to subscribe for any new issue or issues of its capital stock, prior to the termination of the trusts, or any of them, as provided in my will and codicils, my trustee or his successors shall exercise such rights and subscribe for and take said new stock to the extent in each trust fund that the Hydraulic Company stock therein held may entitle them, and in that event, I authorize him or them to provide the necessary funds for payment for said stock, either by sale of any of the other stock or bonds then held as part of each trust fund respectively, substituting said new stock for such stock or bonds sold, or, if he or they see fit, by borrowing said funds by pledge of any stock or bonds held as part of such trust fund.

In case such issue of new stock shall take place while my executors hold any stock of said Bridgeport Hydraulic Company, I likewise direct them to subscribe for and take the same to the extent that they may be entitled to do so by virtue of said stock so held by them, and I likewise authorize them to sell any other stock or bonds for the purpose of providing the necessary funds for payment or, if they see fit, to borrow the same by pledge of any stock or bonds held by them.

On August 9, 1912, testator added a seventh codicil to his will, which contained no provision material to this proceeding.

After the death of the testator, the said will and seven codicils were duly admitted to probate. The executors completed their duties long prior to the year 1921. DeVer H. Warner accepted the trusts confided to him by said will and prior to 1921, qualified as trustee

of each of the three trusts created by said will and was acting as trustee of each of said trusts during the year 1921.

Eva F. Warner is the widow of testator. The trust created by the Fifth paragraph of the will, as modified by the various codicils, sustained a capital loss during the year 1921, which arose from the sale of certain stocks and bonds belonging to the corpus of that trust, namely:

| Property | Date acquired | Cost | Amount received | Net loss |
|---|---|---|---|---|
| 500 shares common stock, Warner Brothers Co | 1913 | $100,000.00 | $75,000.00 | $25,000.00 |
| $3,000 par value Lake Shore & Michigan Southern Rwy. Co. 4% bonds, due 1931 | 1913 | 2,722.50 | 2,445.00 | 277.50 |
| $10,000 par value Bridgeport Gas Light Co. 4% bonds | 1913 | 8,850.00 | 6,800.00 | 2,050.00 |
| $3,000 Connecticut Railway & Lighting Co. 4½% bonds due 1951 | 1913 | 3,015.00 | 1,980.00 | 1,035.00 |
| $4,000 par value New York, New Haven & Hartford R. R. Co. 4% debentures, due 1955 | 1913 | 3,490.00 | 1,565.00 | 1,925.00 |
| 231 shares stock Bridgeport Hydraulic Co | 1913 | 36,957.69 | 29,353.50 | 7,604.19 |
| | | 155,035.19 | 117,143.50 | 37,891.69 |

The total gross income for the year 1921, of the trust created by the
  fifth paragraph of the will was _____ $83,701.64
Expenses of administration _____ $1,810.36
Annuity of Eva F. Warner _____ 50,000.00
                                                              _____ 51,810.36

    Total distributable income to children_____ 31,891.28

The testator's son, Ira F. Warner, who had not, in the year 1921, attained the age of 21, was entitled to one-third of this remainder, or $10,630.42. The probate court for the District of Bridgeport, State of Connecticut, had prior to the year 1921, by a proper order, fixed the amount to be expended for the use and benefit of Ira F. Warner at $20,000 a year. The income payable to or to be accumulated for the benefit of Ira F. Warner and those who were to take in case of his death prior to the age of 21 or 25 years, respectively, from the three trusts of which he was a beneficiary, exceeded the amount of $20,000, and the excess was accumulated for his benefit, or those who were to take in case of his death as aforesaid, by his trustee, DeVer H. Warner.

OPINION.

MILLIKEN: The sole question presented by this proceeding, is whether the trust created by the sixth paragraph of the will of I. DeVer Warner as modified by the various codicils, is entitled to take as a deduction from its gross income for the year 1921, a third, or any part of the capital loss of $37,891.69 incurred in that year by the trust created by the fifth paragraph of said will, as modified by

the subsequent codicils. This question must be decided adversely to the petitioner on the authority of *Arthur H. Fleming* v. *Commissioner*, 6 B. T. A. 900, and *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428.

Petitioner attempts to distinguish these authorities on the ground that under certain contingencies, he, as trustee, may come into possession of one-third of the capital fund of the trust created by the fifth paragraph. The trust created by the sixth paragraph terminates as to one-half of its corpus on the arrival of Ira F. Warner at the age of 21, and as to the remaining one-half when he arrives at the age of 25. Therefore, petitioner as trustee for this particular trust, can come into possession of the whole of one-third of the corpus of the trust created by the fifth paragraph, only upon the happening of the following contingencies: (1) The death of Ira before he attains his majority; (2) the death of the widow before Ira attains his majority; and (3) the death of the widow before the death of Ira. The same line of reasoning applies to the remaining one-half of such one-third should both Ira and the widow survive his arrival at the age of 21, and should both die before his 25th birthday. The case of Ira's trustee is not nearly so strong as that of Mrs. Baltzell in the case of *Baltzell* v. *Mitchell, supra.* The court held in that case, that Mrs. Baltzell could not deduct from her gross income, the loss sustained by the trust of which she was a beneficiary, even though she had a vested equitable remainder in the fund which incurred the loss.

Petitioner insists that the three trusts created by the will of I. DeVer Warner should not be treated as distinct taxable entities, but as one, for the reason that each of them is created by the same instrument and that the same person is the trustee of each trust. We find no merit in this contention. The fact that the testator created three separate and distinct trusts, is demonstrative of his intention that each should be treated as a separate entity, else he would not have created the three, but only one. It is only necessary to point out two provisions of the will which demonstrate this intention. By the sixth paragraph of the fifth codicil, DeVer H. Warner is given the authority to resign his office of trustee in any or all of the trusts, to appoint his successor, and " also to entrust by said appointment, the separate trust funds therein created to different trustees, if he shall see fit, * * *." Here the testator speaks of "the separate trust funds therein created." He intended to and did create "separate trust funds." Under the above provision, DeVer H. Warner was given the authority to appoint a separate trustee for each separate trust fund. It is thus only by circumstance that there was but one trustee for all the trusts in the particular year before us.

The other provision referred to is that in the ninth paragraph of the will, to the effect that if the income from the corpus of the trust created by the fifth paragraph should prove insufficient to pay the widow her annuity, resort should be had, not to the income of the other trust, but to the corpus of that particular trust. It thus appears that the testator contemplated this contingency might happen and made provision therefor. This is but another way of saying that the testator devoted the whole of that particular trust fund, corpus and income, to the payment of the annuity, making provision only for the disposition of any possible excess of income over the annuity. Petitioner could not complain if the trustee of that trust under necessity invaded its principal to the extent of depriving the trust for Ira of part of the surplus income or even of any income whatever. In order to sustain his position, petitioner must extend his contention to the extent of saying that, by each reduction of the corpus for the benefit of the widow for the purpose of paying her annuity, the trust for Ira suffered a deductible loss. That is, that the trust for Ira suffered a deductible loss by reason of the reduction of the corpus of the trust for the widow, even though such reduction was necessary to carry out the express intention of the testator. If these invasions of the corpus resulted in its total extinguishment, it could not be held that the trust for Ira, or Ira himself, if he survived his 25th birthday, could take as a deductible loss that which it or he had failed to receive and which neither under the testator's will had the right to receive.

We are clearly of the opinion that the trust created by the sixth clause of the will, as modified by the various codicils, is a distinct taxable entity from the trust created by the fifth paragraph as modified by subsequent codicils, and that the trustee of the first trust is not entitled to take as a deduction a capital loss sustained by the latter.

Reviewed by the Board.

*Judgment will be entered for the respondent.*